U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  JUL 11 2016
       wp

WILLIAM W. BLEVINS
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

V.

DARRYL FRANKLIN

CR 02-304 J

Case No. 02304J
Case No. 16-30645

## MEMORANDUM POINT AND AUTHORITY
## IN SUPPORT OF 28 U.S.C. 2255 APPLICATION

Identity of moving party, I, Darryl Franklin, filing this 28 U.S.C. 2255 memorandum in support of his 28 U.S.C. 2255 application. This motion is based upon new Supreme Court case law, such as In Elonis V. United States, 2015 BL 171331 U.S. 2015 (6/3/15); In McFadden V. United STates, 2015 BL 193525 U.S. (June 24, 2016); Molina-Martinez V. United States, 2016 BL 125404 U.S. No. 14-8913 (4/20/16); Burrage V. United States, 20036 (2014); Rosemund V. United States, 12-895 (2014); Johnson V. United States, 135 S. Ct. 2551 (2015); Descamps V. United States, 133 S. Ct. 2276 (2013); and Montgomery V. Louisiana, No. 14-230 (Jan. 25, 2016). which had made clarification of the analysis in Teaque V. Lane, 489 U.S. 288 (1989). Although the Supreme Court does not make some of these cases that Mr. Franklin cited in his motion retroactive yet, but the sweeping language of Montgomery can apply to at least some of these cases, and they should be retroactive under the teachings of Montgomery.

## STATEMENT OF CASE AND FACTS

Petitioner pleaded guilty to counts 2, 4, 6, 8, and 10 of the superseding indictment in which he was charged with taking

1



a motor vehicle that had been transported, shipped, and received in interstate commerce from the person and presence of another by force and violence and by intimidation, all in violation of Title 18 U.S.C. 2119 and Title 18 U.S.C. 2. Mr. Franklin also pleaded guilty to a count which resulted in the intentional killing of Christopher Briede, all in violation of Title 18 U.S.C. 211 and Title 18 U.S.C. 2.

On or about Sept. 28, 2002, Mr. Franklin who was very young, about 19 years old, went out with another individual to steal a car and rob Christopher Briede and Amy Briede.

(a) However, Mr. Franklin did not plan or intend to kill anyone. He had no knowledge that his confederate would murder someone. For example, see Amy Briede's statement that she gave to the police.

Mrs. Briede stated that the suspect Franklin was instructed to shoot "both of us," Cristopher and Amy Briede. But suspect Franklin "refused to shoot us." She goes on to state that after the other suspect discovered that Franklin would not shoot the victims, the second suspect grabbed the shotgun and fired one round into the upper rear shoulder of the male victim. See attachment exhibit 1, Amy Briede's statement.

(b) Petitioner contends that his conviction was obtained in violation of the United States Constitution, because his conviction was the result of a guilty plea that was not knowingly and voluntarily made when he was never advised by anyone, before he pleaded guilty or at the plea hearing, that the federal prosecutors must meet their statutory burden of proof regarding

2

criminal intent, whether Franklin had intended to murder anyone.

(c) Franklin was never advised that if he went to trial the government had to prove at trial that the car jacking was a but-for-cause of the victim's death; (d) and that the government had to prove that Mr. Franklin's activity and participation in the car jacking showed that he had advanced knowledge that his codefendant would kill someone.

## GROUND 1

**PETITIONER"S GUILTY PLEA IS IN VIOLATION OF THE UNITED STATES CONSTITUTION, BECAUSE THE PLEA WAS NOT KNOWINGLY AND VOLUNTARILY MADE WHEN MR. FRANKLIN WAS NOT ADVISED ON SEVERAL ESSENTIAL ELEMENTS, SUCH AS INTENT, THE SPECIFIC MENS REA, AND KNOWLEDGE, IN LIGHT OF SEVERAL NEW SUPREME COURT CASE LAW.**

For example, last term the Supreme Court sided with criminal defendants who argued that federal prosecutors did not meet their statutory burden of proof regarding criminal intent. See In Elonis V. United States, 2015 BL 171331 U.S. (June 3, 2016) the court held that a man didn't violate the federal threat statute, 18 U.S.C. 875(c), just because a reasonable person would have regarded his violent rants as threatening. The opinion by Chief Justice John G. Roberts, Jr. said the standard used in lower court set forth the bar too low, citing the long standing tradition in the criminal law that a person can't be prosecuted unless he or she has awareness of some wrongdoing that is more culpable than negligence.

Mr. Franklin contends that he did not have any type of awareness of murder, he had no knowledge or intent of any murder, no mens rea, and he should have never been sentenced to life

imprisonment for first degree murder in light of In re Elonis.

See also, In McFadden V. United States, 2015 BL 193525 U.S. (June 24, 2016) the court held that the government must prove that the defendant knew that he or she was dealing with a substance regulated under federal drug law. Once again the Supreme Court ruled on the mens rea, the knowledge and intent. Mr. Franklin contends that he never knew that someone would be murdered.

See aslo, Rosemund V. United States, 12-895 (2014) the court held that defendant in aiding or abetting an offense, the government must prove that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that the confederate would use or carry a gun during the crime's commission. If petitioner was advised he would not have pleaded guilty.

It is clear that Mr. Franklin never had any knowledge or intent to kill anyone. See in support Amy Briede statement to the police, exhibit 1.

Petitioner contends that in light of these new Supreme Court case law, these offenses that he pleaded guilty and was sentenced to should be dismissed.

Furthermore, see Johnson V. United States, 135 S. Ct. 2551 (2015) the court's decision narrows the scope of criminal statute by interpreting its terms as well as constitutional determinations that place particular conduct or persons covered by that statute beyond the state's power to convict. See also Descamps. The Descamps principle should apply here. These

4

offenses are unconstitutionally vague.

## GROUND 2

**PETITIONER WAS SENTENCED UNDER THE WRONG STATUTE 18 U.S.C. 1111; AND UNDER THE WRONG GUIDELINE 2A1.1. MR. FRANKLIN PLEADED GUILTY TO 18 U.S.C. 2119, AND 2, WHICH CARRY A GUIDELINE OF 2B3.1.**

At sentencing petitioner was removed from the statute and guideline that he had pleaded guilty to, 18 U.S.C. 2110 and the guideline 2B3,1, and instead he was sentenced to life under 18 U.S.C. 1111, and 2A1.1, the federal homicide statute and guideline, even though no federal official was murdered.

No one ever advised Mr. Franklin of any type of these offenses, guidelines, or elements, such as 18 U.S.C. 1111, 1114, or 2A1.1. This guilty plea is invalid, it is not knowingly and voluntarily made.

See Molina-Martinez V. United States, 2016 BL 125404, U.S. No. 14-8913 (4/20/16) the court held that the use of the wrong federal guideline range can be enough to affect substantial right. See also United States V. Miller, 2014 BL 237311 (6th Cir. 8/29/14) citing Burrage V. United States, 2014 BL 20036 (2014) the Sixth Circuit held that for an assault to be a federal crime, the victim's protected characteristic must be a but-for-cause behind the decision to act.

It should be determined whether the car jacking was a but-for-cause why one individual murdered someone. The Descamps principle should apply in this case. It is clear that this sentence is invalid and was obtained in violation of the Constitution, in light of these new Supreme Court case law,

5

this sentence needs to be corrected.

## GROUND 3

**PETITIONER'S GUILTY PLEA WAS INVALID, BECAUSE HE WAS NEVER ADVISED THAT IF HE WENT TO TRIAL THAT THE GOVERNMENT WOULD HAVE TO PROVE MENS REA, IN LIGHT OF THESE COURT CASE LAWS, SUCH AS MCFADDEN, AND ELONIS.**

For example, at sentencing, they cross-referenced petitioner's offense from 18 U.S.C. 2119 to 18 U.S.C. 1111, 1114, and 2A1.1, the federal homicide guideline that he was never advised or pleaded guilty to. It is clear that this is an overreach by the government. See In McFadden, supra, citing Bond V. United States, where the Justices concluded that the federal government overreached when it used an international chemical weapons treaty as the spring board to prosecute a microbiologist who tried to exact revenge against her husband's pregnant mistress.

These courts held that for these federal laws to cover that type of activity, we're going to look very closely at whether the government have met their burden of proving mens rea.

Petitioner contends that he was not advised on these new case laws that now apply to his case, and it is now clear that his guilty plea is not knowingly and voluntarily made which caused his guilty plea to be invalid.

This motion is based upon new Supreme Court case law, some of which is already retroactive and some of which is new substantive/constitutional law that has not yet become retroactive, but should be retroactive under the principle of Montgomery, and should be applied to Mr. Franklin's case.

6

## CONCLUSION

Based upon the foregoing, petitioner prays that his request be granted.

Respectfully Submitted,

*[signature]*

Darryl Franklin
Reg. No. 28126-034
FCC- USP 1, PO Box 1033
Coleman, FL 33521

UNITED STATES OF AMERICA

V.

Case No. 02304J
Case No. 16-30645

DARRYL FRANKLIN

## MEMORANDUM POINT AND AUTHORITY
## IN SUPPORT OF 28 U.S.C. 2255 APPLICATION

Identity of moving party, I, Darryl Franklin, filing this 28 U.S.C. 2255 memorandum in support of his 28 U.S.C. 2255 application. This motion is based upon new Supreme Court case law, such as In Elonis V. United States, 2015 BL 171331 U.S. 2015 (6/3/15); In McFadden V. United STates, 2015 BL 193525 U.S. (June 24, 2016); Molina-Martinez V. United States, 2016 BL 125404 U.S. No. 14-8913 (4/20/16); Burrage V. United States, 20036 (2014); Rosemund V. United States, 12-895 (2014); Johnson V. United States, 135 S. Ct. 2551 (2015); Descamps V. United States, 133 S. Ct. 2276 (2013); and Montgomery V. Louisiana, No. 14-230 (Jan. 25, 2016). which had made clarification of the analysis in Teaque V. Lane, 489 U.S. 288 (1989). Although the Supreme Court does not make some of these cases that Mr. Franklin cited in his motion retroactive yet, but the sweeping language of Montgomery can apply to at least some of these cases, and they should be retroactive under the teachings of Montgomery.

## STATEMENT OF CASE AND FACTS

Petitioner pleaded guilty to counts 2, 4, 6, 8, and 10 of the superseding indictment in which he was charged with taking

1

a motor vehicle that had been transported, shipped, and received in interstate commerce from the person and presence of another by force and violence and by intimidation, all in violation of Title 18 U.S.C. 2119 and Title 18 U.S.C. 2. Mr. Franklin also pleaded guilty to a count which resulted in the intentional killing of Christopher Briede, all in violation of Title 18 U.S.C. 211 and Title 18 U.S.C. 2.

On or about Sept. 28, 2002, Mr. Franklin who was very young, about 19 years old, went out with another individual to steal a car and rob Christopher Briede and Amy Briede.

(a) However, Mr. Franklin did not plan or intend to kill anyone. He had no knowledge that his confederate would murder someone. For example, see Amy Briede's statement that she gave to the police.

Mrs. Briede stated that the suspect Franklin was instructed to shoot "both of us," Cristopher and Amy Briede. But suspect Franklin "refused to shoot us." She goes on to state that after the other suspect discovered that Franklin would not shoot the victims, the second suspect grabbed the shotgun and fired one round into the upper rear shoulder of the male victim. See attachment exhibit 1, Amy Briede's statement.

(b) Petitioner contends that his conviction was obtained in violation of the United States Constitution, because his conviction was the result of a guilty plea that was not knowingly and voluntarily made when he was never advised by anyone, before he pleaded guilty or at the plea hearing, that the federal prosecutors must meet their statutory burden of proof regarding

2

criminal intent, whether Franklin had intended to murder anyone.

(c) Franklin was never advised that if he went to trial the government had to prove at trial that the car jacking was a but-for-cause of the victim's death; (d) and that the government had to prove that Mr. Franklin's activity and participation in the car jacking showed that he had advanced knowledge that his codefendant would kill someone.

## GROUND 1

**PETITIONER"S GUILTY PLEA IS IN VIOLATION OF THE UNITED STATES CONSTITUTION, BECAUSE THE PLEA WAS NOT KNOWINGLY AND VOLUNTARILY MADE WHEN MR. FRANKLIN WAS NOT ADVISED ON SEVERAL ESSENTIAL ELEMENTS, SUCH AS INTENT, THE SPECIFIC MENS REA, AND KNOWLEDGE, IN LIGHT OF SEVERAL NEW SUPREME COURT CASE LAW.**

For example, last term the Supreme Court sided with criminal defendants who argued that federal prosecutors did not meet their statutory burden of proof regarding criminal intent. See In Elonis V. United States, 2015 BL 171331 U.S. (June 3, 2016) the court held that a man didn't violate the federal threat statute, 18 U.S.C. 875(c), just because a reasonable person would have regarded his violent rants as threatening. The opinion by Chief Justice John G. Roberts, Jr. said the standard used in lower court set forth the bar too low, citing the long standing tradition in the criminal law that a person can't be prosecuted unless he or she has awareness of some wrongdoing that is more culpable than negligence.

Mr. Franklin contends that he did not have any type of awareness of murder, he had no knowledge or intent of any murder, no mens rea, and he should have never been sentenced to life

3

imprisonment for first degree murder in light of In re Elonis.

See also, In McFadden V. United States, 2015 BL 193525 U.S. (June 24, 2016) the court held that the government must prove that the defendant knew that he or she was dealing with a substance regulated under federal drug law. Once again the Supreme Court ruled on the mens rea, the knowledge and intent. Mr. Franklin contends that he never knew that someone would be murdered.

See aslo, Rosemund V. United States, 12-895 (2014) the court held that defendant in aiding or abetting an offense, the government must prove that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that the confederate would use or carry a gun during the crime's commission. If petitioner was advised he would not have pleaded guilty.

It is clear that Mr. Franklin never had any knowledge or intent to kill anyone. See in support Amy Briede statement to the police, exhibit 1.

Petitioner contends that in light of these new Supreme Court case law, these offenses that he pleaded guilty and was sentenced to should be dismissed.

Furthermore, see Johnson V. United States, 135 S. Ct. 2551 (2015) the court's decision narrows the scope of criminal statute by interpreting its terms as well as constitutional determinations that place particular conduct or persons covered by that statute beyond the state's power to convict. See also Descamps. The Descamps principle should apply here. These

offenses are unconstitutionally vague.

## GROUND 2

**PETITIONER WAS SENTENCED UNDER THE WRONG STATUTE 18 U.S.C. 1111; AND UNDER THE WRONG GUIDELINE 2A1.1. MR. FRANKLIN PLEADED GUILTY TO 18 U.S.C. 2119, AND 2, WHICH CARRY A GUIDELINE OF 2B3.1.**

At sentencing petitioner was removed from the statute and guideline that he had pleaded guilty to, 18 U.S.C. 2110 and the guideline 2B3,1, and instead he was sentenced to life under 18 U.S.C. 1111, and 2A1.1, the federal homicide statute and guideline, even though no federal official was murdered.

No one ever advised Mr. Franklin of any type of these offenses, guidelines, or elements, such as 18 U.S.C. 1111, 1114, or 2A1.1. This guilty plea is invalid, it is not knowingly and voluntarily made.

See Molina-Martinez V. United States, 2016 BL 125404, U.S. No. 14-8913 (4/20/16) the court held that the use of the wrong federal guideline range can be enough to affect substantial right. See also United States V. Miller, 2014 BL 237311 (6th Cir. 8/29/14) citing Burrage V. United States, 2014 BL 20036 (2014) the Sixth Circuit held that for an assault to be a federal crime, the victim's protected characteristic must be a but-for-cause behind the decision to act.

It should be determined whether the car jacking was a but-for-cause why one individual murdered someone. The Descamps principle should apply in this case. It is clear that this sentence is invalid and was obtained in violation of the Constitution, in light of these new Supreme Court case law,

5

this sentence needs to be corrected.

## GROUND 3

**PETITIONER'S GUILTY PLEA WAS INVALID, BECAUSE HE WAS NEVER ADVISED THAT IF HE WENT TO TRIAL THAT THE GOVERNMENT WOULD HAVE TO PROVE MENS REA, IN LIGHT OF THESE COURT CASE LAWS, SUCH AS MCFADDEN, AND ELONIS.**

For example, at sentencing, they cross-referenced petitioner's offense from 18 U.S.C. 2119 to 18 U.S.C. 1111, 1114, and 2A1.1, the federal homicide guideline that he was never advised or pleaded guilty to. It is clear that this is an overreach by the government. See In McFadden, supra, citing Bond V. United States, where the Justices concluded that the federal government overreached when it used an international chemical weapons treaty as the spring board to prosecute a microbiologist who tried to exact revenge against her husband's pregnant mistress.

These courts held that for these federal laws to cover that type of activity, we're going to look very closely at whether the government have met their burden of proving mens rea.

Petitioner contends that he was not advised on these new case laws that now apply to his case, and it is now clear that his guilty plea is not knowingly and voluntarily made which caused his guilty plea to be invalid.

This motion is based upon new Supreme Court case law, some of which is already retroactive and some of which is new substantive/constitutional law that has not yet become retroactive, but should be retroactive under the principle of Montgomery, and should be applied to Mr. Franklin's case.

6

## CONCLUSION

Based upon the foregoing, petitioner prays that his request be granted.

Respectfully Submitted,

*[signature]*

Darryl Franklin
Reg. No. 28126-03
FCC- USP 1, PO Box 1033
Coleman, FL 33521