UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

U.S. COURT OF APPEALS
RECEIVED
JUN 09 2016
FIFTH CIRCUIT

APPLICATION FOR LEAVE TO FILE A SECOND OR
SUCCESSIVE MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE
28 U.S.C. § 2255
BY A PRISONER IN FEDERAL CUSTODY

Name Darryl Franklin _____     Prisoner Number 28126-034

Institution Federal Correctional Complex-USP 1

Street Address PO Box 1033

City Coleman _____     State Florida ___     Zip Code 33521

### INSTRUCTIONS--READ CAREFULLY

(1)   This application must be legibly handwritten or typewritten and signed by the applicant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

(2)   All questions must be answered concisely in the proper space on the form.

(3)   The Judicial Conference of the United States has adopted the 8½ x 11 inch paper size for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(4)   All applicants seeking leave to file a second or successive petition are required to use this form, except in capital cases. In capital cases only, the use of this form is optional.

(5)   Additional pages are not permitted except with respect to additional grounds for relief and facts which you rely upon to support those grounds. DO NOT SUBMIT SEPARATE PETITIONS, MOTIONS, BRIEFS, ARGUMENTS, ETC., EXCEPT IN CAPITAL CASES.

(6)     In accordance with the "Antiterrorism and Effective Death Penalty Act of 1996," as codified at 28 U.S.C. § 2255, effective April 24, 1996, before leave to file a second or successive motion can be granted by the United States Court of Appeals, it is the applicant's burden to make a prima facie showing that he satisfies either of the two conditions stated below.

> A second or successive motion must be certified as provided in [28 U.S.C.] section 2255 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(7)     When this application is fully completed, the original and three copies must be mailed to:

        Clerk of the Court,
        F. Edward Herbert Federal Building
        600 South Maestri Place
        New Orleans, LA 70130

APPLICATION

1.   (a)   State and division of the United States District Court which entered the judgment of conviction under attack <u>Eastern District of Louisiana</u>

    (b)   Case number <u>02-304 J</u>

2.   Date of judgment of conviction _____

3.   Length of sentence <u>Life</u>    Sentencing Judge _____

4.   Nature of offense or offenses for which you were convicted: <u>18 U.S.C. 2119 and 18 U.S.C. 2</u>

5.   Related to this conviction and sentence, have you ever filed a motion to vacate in any federal court?

      Yes ( ) No (X)   If "yes", how many times? _____ (if more than one, complete 6 and 7 below as necessary)

  (a) Name of court _____
  (b) Case number _____
  (c) Nature of proceeding _____

  (d) Grounds raised (list <u>all</u> grounds; use extra pages if necessary)_____

  (e) Did you receive an evidentiary hearing on your motion?   Yes ( )  No (X)
  (f) Result _____

  (g) Date of result _____

6.   As to any second federal motion, give the same information:
  (a) Name of court <u>None</u>
  (b) Case number _____
  (c) Nature of proceeding _____

(d) Grounds raised (list <u>all</u> grounds; use extra pages if necessary)_____

_____

_____

_____

(e) Did you receive an evidentiary hearing on your motion?    Yes ( )   No (X)

(f) Result   N o n e      .

_____

(g) Date of result   N/A .

7.    As to any third federal motion, give the same information:

(a) Name of court _____

(b) Case number _____

(c) Nature of proceeding _____

_____

_____

(d) Grounds raised (list <u>all</u> grounds; use extra pages if necessary)_____

_____

_____

_____

(e) Did you receive an evidentiary hearing on your motion?    Yes ( )   No (X)

(f) Result   N o n e

_____

(g) Date of result   N o n e

8.    Did you appeal the result of any action taken on your federal motion? (Use extra pages to reflect additional petitions if necessary)

        (1) First motion          No (X)   Yes ( ) Appeal No. None

        (2) Second motion        No (X)   Yes ( ) Appeal No. None

        (3) Third motion         No (X)   Yes ( ) Appeal No. None

9.    If you did <u>not</u> appeal from the adverse action on any motion, explain briefly why you did not: _____

_____

_____

_____

_____

10.   State <u>concisely</u> every ground on which you <u>now</u> claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

    A.    Ground one: <u>New Supreme Court case law that should be</u>
        <u>retroactive very soon.</u>
        Supporting FACTS (tell your story briefly without citing cases or law):
        <u>In Elonis V. United States, (2015)</u>
        <u>(See attachment)</u>

        Was this claim raised in a prior motion?     Yes ( ) No (X)

        Does this claim rely on a "new rule of law?"     Yes (X)   No ( )
        If "yes," state the new rule of law (give case name and citation):

        Does this claim rely on "newly discovered evidence?"   Yes ( )   No (X)
        If "yes," briefly state the newly discovered evidence, and why it was not previously available to you _____

    B.    Ground two: _____

        Supporting FACTS (tell your story briefly without citing cases or law):

        Was this claim raised in a prior motion?     Yes ( ) No (X)

Does this claim rely on a "new rule of law?"    Yes ( X )   No ( )
If "yes," state the new rule of law (give case name and citation):
See attachment
_____
_____

Does this claim rely on "newly discovered evidence?"    Yes ( )   No ( X )
If "yes," briefly state the newly discovered evidence, and why it was not
previously available to you _____
_____
_____
_____
_____
_____
_____

**[Additional grounds may be asserted on additional pages if necessary]**

11.  Do you have any motion or appeal now pending in any court as to the judgment now under
     attack?    Yes ( )   No ( )
     If "yes," name of court _____ Case number _____

      Wherefore, applicant prays that the United States Court of Appeals for the Eleventh Circuit
grant an Order Authorizing the District Court to Consider Applicant's Second or Successive
Motion to Vacate under 28 U.S.C. § 2255.

_____
Applicant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this Application are true
and correct.

Executed on   5 - 25 -16
              [date]

_____
Applicant's Signature

**PROOF OF SERVICE**

Applicant must send a copy of this application and all attachments to the United States Attorney's office in the district in which you were convicted.

I certify that on <u>May 25, 2016</u>, I mailed a copy of this Application[*] and
[date]
all attachments to <u>the U.S. Attorney's Office</u>

at the following address:
<u>Hale Boggs Federal Building 500 Poydras Street</u>
<u>New Orleans, Louisiana 70130</u>

<u>Applicant's Signature</u>

---

[*] Pursuant to Fed.R.App.P. 25(a), "Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA

V.                                              Case No. 02-304J

DARRYL FRANKLIN

## MOTION FOR LEAVE TO FILE A SECOND OR SUCCESSIVE 28 U.S.C. 2255(h)(2) MOTION

**COMES NOW**, Petitioner, Darryl Franklin respectfully moves this court for certificate to file in the District Court for the Eastern District of Louisiana a second or successive 2255(h)(2) motion to vacate petitioner's sentence. The reasons set forth herein rely upon the Supreme Court case law such as In Elonis V. United States, 2015 BL 171331 U.S. 2015 (6/3/15), which held that a person cannot be prosecuted unless he or she awareness of some wrongdoing that is more culpable than negligence. See, In McFadden V. United States, 2015 BL 193525 U.S. (June 24, 2016) the court held that the government must prove that the defendant knew he or she was dealing with a substance regulated under federal drug laws; and Johnson V. United States.

Although the Supreme Court does not specifically make these cases retroactive yet, it is clear that these cases are new substantive constitutional law. These cases interpret criminal statutes and under the principles of Montgomery V. Louisiana, No. 14-230 Jan. 25, (2016) which had made clarification of the analysis in Teaque V. Lane, 489 U.S. 288 (1989). These cases should be retroactive.

1

This sweeping language of Montgomery can apply to these Supreme Court case laws, in which the principle of these new Supreme Court case laws apply to Franklin's situation. Johnson is already retroactive.

Franklin contends that the record, files, and facts will clearly show that he never had any intent to murder anyone, and he did not have any knowledge that one of the individual would have murdered someone.

Also, before petitioner pleaded guilty or at the plea hearing, he was never advised that the federal prosecutors must meet their statutory burden of proof regarding criminal intent.

Petitioner was never advised that the government must prove that the car jacking was a but-for-cause of the victim's death. See United States V. Miller, 2014 BL 237311 (6th Cir. No. 13-3177 (8/27/14)) citing Burrage V. United States, 2014 BL 20036 (2014).

Furthermore, no one advised petitioner that the government must prove that his activity participated in the car jacking crime, the government must prove that he had advanced knowledge that his confederate would murder someone. See for example, Rosemund V. United States, 12-895 (2014).

## 1. **JURISDICTION**

Jurisdiction is premised upon the court's authorization pursuant to 28 U.S.C. 2255(h)(2) & 2244(3)(4).

## 2. **STATEMENT OF CASE AND FACTS**

Petitioner pleaded guilty to counts 2, 4, 6, 8, and 10 of

2

the superseding indictment in which he is charged with taking
a motor vehicle that had been transported, shipped, and received
in interstate commerce from the person and presence of another
by force and violence and by intimidation, all in violation
of Title 18 U.S.C. 2119 and Title 18 U.S.C. 2.  Mr. Franklin
also pleaded guilty to a count which resulted in the intentional
killing of Christopher Briede, all in violation of Title 18
U.S.C. 2119 and Title 18 U.S.C. 2.

On or about March 11, 2002, Mr. Franklin who was very young,
about 19 years old, went out with another with another individual
to steal a car and rob Christopher Briede and Amy Briede.

(a) However, Mr. Franklin did not plan or intend to kill
anyone.  He had no knowledge that his confederate would murder
someone.  For example, see Amy Briede's statement that she gave
to the police.

Mrs. Briede stated that suspect Franklin was instructed to
shoot "both of us," Christopher and Amy Briede.  But suspect
Franklin "refused to shoot us."  She goes on to state that after
that the other suspect discovered that Franklin would not shoot
the victims so the second suspect grabbed the shotgun and fired
one round into the upper rear shoulder of the male victim.
See attachment exhibit 1, Amy Briede's statement.

(b) Petitioner contends that his conviction was obtained
in violation of the United States Constitution, because his
conviction was the result of a guilty plea that was not knowingly
and voluntary made when he was never advised by anyone, before
he pleaded guilty or at the plea hearing, that the federal
prosecutors must meet their statutory burden of proof regarding

3

criminal intent, whether Franklin had intended to murder anyone.

(c) Franklin was never advised that if he went to trial the government had to prove at trial that the car jacking was a but-for-cause of the victim's death; (d) and that the government had to prove that Mr. Franklin's activity and participation in the car jacking showed that he had advanced knowledge that his co-defendant would kill someone.

### 3.  ISSUES PRESENTED FOR REVIEW

(a) In light of several new Supreme Court case law, the plea was in violation of the United States Constitution, because his guilty plea was not knowingly and voluntarily made.

For example last term the Supreme Court sided with criminal defendants who argued that federal prosecutors did not meet their statutory burden of proof regarding criminal intent.

See In Elonis V? United States, 2015 BL 171331 U.S. (June 3, 2015) the court held that a man didn't violate the federal threat statute, 18 U.S.C. 875(c), just because a reasonable person would have regarded his violent Facebook rants as threatening.  The opinion by Chief Justice John G. Roberts Jr. said the standard used in the lower court set the bar too low, citing the long standing tradition in the criminal law that a person can't be prosecuted unless he or she has awareness of some wrongdoing that is more culpable than negligence.

Petitioner Franklin contends that he did not have any type of awareness of murder, he had no knowledge or intent of any murder, and he should have never been sentenced to life imprisonment to life for first degree murder in light of In

4

Elonis.

See also In McFadden V. United States, 2015 BL 193525 U.S.
(June 24, 2016) the court held that the government must prove
that the defendant knew that he or she was dealing with a
substance regulated under federal drug laws.

Once again the Supreme Court ruled on the mens rea, the
knowledge and intent, Mr. Franklin contends that he never knew
that someone would be murdered.

See also Rosemund V. United States, 12-895 (2014) the court
held that defendant in aiding or abetting an offense, the
government must prove that the defendant actively participated
in the underlying drug trafficking or violent crime with advance
knowledge that the confederate would use or carry a gun during
the crime's commission.  If petitioner was advised he would
not have pleaded guilty.

Petitioner Franklin contends that no one advised him on these
essential elements that the government must prove that he had
advance knowledge that  his confederate would kill someone.

Furthermore, it is clear to see that petitioner never planned
to kill anyone, did not have any knowledge that someone would
be killed, and he never intended to kill anyone.  See in support
Amy Briede's statement to the police, exhibit 1.

Based on these reasons, this plea was not knowingly and
voluntarily made, it is invalid.  It was obtained in violation
of the United States Constitution, because he was never advised
by counsel or the court, therefore this plea should not stand
in light of these new Supreme Court case laws.

5

Johnson V. United States, 135 S. Ct. 2551 (2015) the Johnson decision narrows the scope of criminal statute by interpreting its terms as well as constitutional determinations that place particular conduct or persons covered by that statute beyond the state's power to convict. Also the Descamps principle should apply here.

(b) Because the proper procedure was not carried out in this case, Mr. Franklin was sentenced under the wrong statute and the wrong guideline to life as if he was the one who murdered Mr. Briede or if he had conspired or aided and abetted to kill Mr. Briede.

Petitioner's base offense should be level 20 under 2B3.1. His sentence should have never been cross-referenced to the murder statute 18 U.S.C. 1111 or to the first degree murder guideline 2A1.1. Petitioner's offense level could be increased, but he should not be sentenced as if he was the one who murdered Mr. Briede.

Petitioner ended up being sentenced under the wrong statute and wrong guideline. See for example Molina-Martinez V. United States, 2016 BL 125404, U.S. No. 14-8913 (4/20/16) the court held that use of the wrong federal guideline range can be enough to affect substantial rights. The Descamps principle should be applied to this case.

In these circumstances at the sentencing phases it should be determined whether the car jacking was a but-for-cause why one individual murdered someone. See United States V. Miller, 2014 BL 237311 (6th Cir. No. 13-3177 8/27/14) citing Burrage supra.

It is clear that the sentence in this case is invalid.  It
was obtained in violation of the Constitution.  In light of
these new Supreme Court case laws this sentence needs to be
corrected.

(c) Furthermore, because Mr. Franklin was cross-referenced
to the wrong statute 18 U.S.C. 1111, this statute is a statute
that deals with crimes of government officials, those who are
designated under 18 U.S.C. 1114, and no government officials
were murdered in this case.  This should be a state murder.
This is an overreach by the government as they used the 2B3.1
guideline as a springboard to cross-reference to the first degree
murder statute 18 U.S.C. 1111, the federal official murder
statute.

See McFadden supra citing Bond V. United States, 2014 BL
151637 U.S. (June 2, 2014) where the Justices concluded that
the federal government overreached when it used an international
chemical weapons treaty as the springboard to prosecute a
microbiologist who tried to exact revenge against her husband's
pregnant mistress.  See In McFadden supra.

These courts held that for these federal laws to cover that
type of activity, we're going to look very closely at whether
the government have met their burden of proving mens rea.

Petitioner contends that no one ever advised him about the
mens rea that the government must prove.  This plea was not
knowingly and voluntarily made and is invalid.

Petitioner's motion is based upon new Supreme Court case
that interpret criminal statutes, new substantive/constitutional

law in Elonis, supra, and in McFadden that meet the requirement test in Montgomery supra, and they should be applied retroactive.

Petitioner, respectfully, motion to file a second or successive 2255 petition since it is clear that he has made a Prima Facie showing of a new rule of substantive/constitutional law.

## CONCLUSION

Based upon the foregoing, petitioner prays that his request be granted.

Respectfully Submitted,

Darryl Franklin
Reg. No. 28126-034
Federal Correctional Complex
USP 1
PO Box 1033
Coleman, FL 33521

Darryl Franlin
Fed. Reg. No. 28126-034
Federal Correctional Complex
Coleman, USP-1
PO Box 1033
Coleman, Fl 33521-1033



U.S. POSTAGE
PAID
COLEMAN, FL
33521
JUN 06 16
AMOUNT
**$0.00**
R2305H127076-12

1000    70130

Clerk of Court
U.S. Court of Appeal
Fith Circuit
F. Edward Herbert Federal Bldg.
600 South Maestri Place
New Orleans, LA 70130

Legal Mail                    Legal Mial                    Legal Mail

CERTIFIED MAIL

7015 0640 0006 2886 2229

U.S. COURT OF APPEALS
RECEIVED
JUL 11 2016
FIFTH CIRCUIT

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court  Eastern | District  Louisiana | |
|---|---|---|
| Name (under which you were convicted):  Darryl Franklin | Docket or Case No.:  02-304J/ 16-30645 | |
| Place of Confinement:  FCC-USP 1, P.O. BOX 1033  Coleman, FL 33521 | Prisoner No.:  28126-034 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted)  v. Darryl Franklin | |

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____
    Eastern District of Louisiana
    
    (b) Criminal docket or case number (if you know): 02-304J
2.  (a) Date of the judgment of conviction (if you know): N/A
    
    (b) Date of sentencing: N/A
3.  Length of sentence: Life
4.  Nature of crime (all counts): 18 U.S.C. 2119 and 18 U.S.C. 2

5.  (a) What was your plea? (Check one)
    (1)  Not guilty ☐    (2)  Guilty ☒    (3)  Nolo contendere (no contest) ☐
    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6.  If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

Page 3

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?    Yes ☒    No ☒

9. If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☒    No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Eastern District Court of Louisiana

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐    No ☒

(7) Result: Denied

(8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: Fifth Circuit Court of Appeals

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): May 27, 2016

(4) Nature of the proceeding: Motion for leave to file a second 2255

(5) Grounds raised: The motion is based on several new Supreme Court case law, such as: In Elonis V. United States, 2015 BL 171331 U.S. (June 3, 2015); In McFadden V. United States, 2015 BL 193525 U.S. (June 24, 2016), these cases are based on statutory interpretation, they're new substantive/constitutional law that should be retroactive, and apply to Mr. Franklin's case, and now show that his plea was not knowingly and voluntarily made.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐    No ☒

(7) Result: The motion is still pending in the Fifth Circuit

(8) Date of result (if you know): still pending

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☐    No ☒

(2) Second petition:    Yes ☐    No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: This is a protective 2255, requesting that this court hold this 2255 in abeyance until the Fifth Circuit rule on the second 2255.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** In light of several new Supreme Court case law, Petitioner's guilty plea were in violation of the United States

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Constitution, since the plea was not knowingly and voluntarily made when he was not advised on several essential elements like intent and knowledge, based upon these new Supreme Court case law such as Rosemund V. United States, 12-895 (2014); In McFadden; In Elonis; Johnson V. United States, 135 S. Ct. 2551 (2015); and Descamps.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** Petitioner was sentenced under the wrong statute and wrong guidelines.  Petitioner pleaded guilty to 18 U.S.C. 2119

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): and 2, which carry a guideline 2B3.1, however he was removed to 18 U.S.C. 1111 and 2A1.1, that he did not plead guilty to; also, no government official was murdered in this case; furthermore, no one advised Mr. Franklin of any of those elements of 18 U.S.C. 1111 or 1114 since these statutes which made this guilty plea invalid, and not knowingly and voluntarily made.

_____

_____

See Molina-Martinez V. United States, U.S. No. 14-8913 (4/20/2016)
the Descamps standard should apply in this case.

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑     No ☒

(2) If you did not raise this issue in your direct appeal, explain why: It is still pending in the Appellate Court.

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑     No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____
_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑     No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑     No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑     No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** Petitioner's guilty plea was invalid, he was never advised that if he went to trial the government would have been

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
required to prove that the car jacking was a but-for-cause why one individual murdered someone. See Burrage. The government must prove mens rea under these new Supreme Court case law. In McFadden, and In Elonis.

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND FOUR:** Mr. Franklin filing this protective 2255(F) motion requesting that this court hold it in abeyance until the Fifth

**(a) Supporting facts** (Do not argue or cite law. Just state the specific facts that support your claim.): Circuit Court of Appeals rule on his second 2255 motion that is pending in that court.

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑   No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: _____

   _____

   _____

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑   No ☒

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   _____

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: These claims were never presented in any other motion before, because they are based upon new Supreme Court case law, in which some of those cases are already retroactive and the others will be retroactive soon.

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☒ No ☐
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. A secondor successive motion pending in the Fifth Circuit Court of Appeals.

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: N/A _____

(b) At arraignment and plea: _____

(c) At trial: _____

(d) At sentencing: _____

Page 12

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☒  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.\* This motion is timely since it relies on new Supreme Court cases, and the motion was filed within one year since the ruling on those cases.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: his protective 2255 be held in abeyance until the Appellate Court rules on his case.

_____

or any other relief to which movant may be entitled.

*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on July 6, 2016 (month, date, year).

Executed (signed) on July 6, 2016 (date).

*Signature of Movant*

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

## IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

* * * * *





UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

V.

Case No. 02304J
Case No. 16-30645

DARRYL FRANKLIN

## MEMORANDUM POINT AND AUTHORITY
## IN SUPPORT OF 28 U.S.C. 2255 APPLICATION

Identity of moving party, I, Darryl Franklin, filing this
28 U.S.C. 2255 memorandum in support of his 28 U.S.C. 2255
application.  This motion is based upon new Supreme Court case
law, such as In Elonis V. United States, 2015 BL 171331 U.S.
2015 (6/3/15); In McFadden V. United STates, 2015 BL 193525
U.S. (June 24, 2016); Molina-Martinez V. United States, 2016
BL 125404 U.S. No. 14-8913 (4/20/16); Burrage V. United States,
20036 (2014); Rosemund V. United States, 12-895 (2014); Johnson
V. United States, 135 S. Ct. 2551 (2015); Descamps V. United
States, 133 S. Ct. 2276 (2013); and Montgomery V. Louisiana,
No. 14-230 (Jan. 25, 2016). which had made clarification of
the analysis in Teaque V. Lane, 489 U.S. 288 (1989).  Although
the Supreme Court does not make some of these cases that Mr.
Franklin cited in his motion retroactive yet, but the sweeping
language of Montgomery can apply to at least some of these cases,
and they should be retroactive under the teachings of Montgomery.

## STATEMENT OF CASE AND FACTS

Petitioner pleaded guilty to counts 2, 4, 6, 8, and 10 of
the superseding indictment in which he was charged with taking

1

a motor vehicle that had been transported, shipped, and received
in interstate commerce from the person and presence of another
by force and violence and by intimidation, all in violation
of Title 18 U.S.C. 2119 and Title 18 U.S.C. 2.  Mr. Franklin
also pleaded guilty to a count which resulted in the intentional
killing of Christopher Briede, all in violation of Title 18
U.S.C. 211 and Title 18 U.S.C. 2.

On or about Sept. 28, 2002, Mr. Franklin who was very young,
about 19 years old, went out with another individual to steal
a car and rob Christopher Briede and Amy Briede.

(a) However, Mr. Franklin did not plan or intend to kill
anyone.  He had no knowledge that his confederate would murder
someone.  For example, see Amy Briede's statement that she gave
to the police.

Mrs. Briede stated that the suspect Franklin was instructed
to shoot "both of us," Cristopher and Amy Briede.  But suspect
Franklin "refused to shoot us."  She goes on to state that after
the other suspect discovered that Franklin would not shoot the
victims, the second suspect grabbed the shotgun and fired one
round into the upper rear shoulder of the male victim.  See
attachment exhibit 1, Amy Briede's statement.

(b) Petitioner contends that his conviction was obtained
in violation of the United States Constitution, because his
conviction was the result of a guilty plea that was not knowingly
and voluntarily made when he was never advised by anyone, before
he pleaded guilty or at the plea hearing, that the federal
prosecutors must meet their statutory burden of proof regarding

2

criminal intent, whether Franklin had intended to murder anyone.

(c) Franklin was never advised that if he went to trial the
government had to prove at trial that the car jacking was a
but-for-cause of the victim's death; (d) and that the government
had to prove that Mr. Franklin's activity and participation
in the car jacking showed that he had advanced knowledge that
his codefendant would kill someone.

### GROUND 1

**PETITIONER"S GUILTY PLEA IS IN VIOLATION OF THE UNITED STATES
CONSTITUTION, BECAUSE THE PLEA WAS NOT KNOWINGLY AND
VOLUNTARILY MADE WHEN MR. FRANKLIN WAS NOT ADVISED ON SEVERAL
ESSENTIAL ELEMENTS, SUCH AS INTENT, THE SPECIFIC MENS REA,
AND KNOWLEDGE, IN LIGHT OF SEVERAL NEW SUPREME COURT CASE
LAW.**

For example, last term the Supreme Court sided with criminal
defendants who argued that federal prosecutors did not meet
their statutory burden of proof regarding criminal intent.
See In Elonis V. United States, 2015 BL 171331 U.S. (June 3,
2016) the court held that a man didn't violate the federal threat
statute, 18 U.S.C. 875(c), just because a reasonable person
would have regarded his violent rants as threatening.  The
opinion by Chief Justice John G. Roberts, Jr. said the standard
used in lower court set forth the bar too low, citing the long
standing tradition in the criminal law that a person can't be
prosecuted unless he or she has awareness of some wrongdoing
that is more culpable than negligence.

Mr. Franklin contends that he did not have any type of
awareness of murder, he had no knowledge or intent of any murder,
no mens rea, and he should have never been sentenced to life

3

imprisonment for first degree murder in light of In re Elonis.

See also, In McFadden V. United States, 2015 BL 193525 U.S. (June 24, 2016) the court held that the government must prove that the defendant knew that he or she was dealing with a substance regulated under federal drug law. Once again the Supreme Court ruled on the mens rea, the knowledge and intent. Mr. Franklin contends that he never knew that someone would be murdered.

See aslo, Rosemund V. United States, 12-895 (2014) the court held that defendant in aiding or abetting an offense, the government must prove that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that the confederate would use or carry a gun during the crime's commission. If petitioner was advised he would not have pleaded guilty.

It is clear that Mr. Franklin never          had any knowledge or intent to kill anyone. See in support Amy Briede statement to the police, exhibit 1.

Petitioner contends that in light of these new Supreme Court case law, these offenses that he pleaded guilty and was sentenced to should be dismissed.

Furthermore, see Johnson V. United States, 135 S. Ct. 2551 (2015) the court's decision narrows the scope of criminal statute by interpreting its terms as well as constitutional determinations that place particular conduct or persons covered by that statute beyond the state's power to convict. See also Descamps. The Descamps principle should apply here. These

4

offenses are unconstitutionally vague.

### GROUND 2

**PETITIONER WAS SENTENCED UNDER THE WRONG STATUTE 18 U.S.C. 1111; AND UNDER THE WRONG GUIDELINE 2A1.1.  MR. FRANKLIN PLEADED GUILTY TO 18 U.S.C. 2119, AND 2, WHICH CARRY A GUIDELINE OF 2B3.1.**

At sentencing petitioner was removed from the statute and guideline that he had pleaded guilty to, 18 U.S.C. 2110 and the guideline 2B3,1, and instead he was sentenced to life under 18 U.S.C. 1111, and 2A1.1, the federal homicide statute and guideline, even though no federal official was murdered.

No one ever advised Mr. Franklin of any type of these offenses, guidelines, or elements, such as 18 U.S.C. 1111, 1114, or 2A1.1.  This guilty plea is invalid, it is not knowingly and voluntarily made.

See Molina-Martinez V. United States, 2016 BL 125404, U.S. No. 14-8913 (4/20/16) the court held that the use of the wrong federal guideline range can be enough to affect substantial right.  See also United States V. Miller, 2014 BL 237311 (6th Cir. 8/29/14) citing Burrage V. United States, 2014 BL 20036 (2014) the Sixth Circuit held that for an assault to be a federal crime, the victim's protected characteristic must be a but-for-cause behind the decision to act.

It should be determined whether the car jacking was a but-for-cause why one individual murdered someone.  The Descamps principle should apply in this case.  It is clear that this sentence is invalid and was obtained in violation of the Constitution, in light of these new Supreme Court case law,

5

this sentence needs to be corrected.

### GROUND 3

**PETITIONER'S GUILTY PLEA WAS INVALID, BECAUSE HE WAS NEVER ADVISED THAT IF HE WENT TO TRIAL THAT THE GOVERNMENT WOULD HAVE TO PROVE MENS REA, IN LIGHT OF THESE COURT CASE LAWS, SUCH AS MCFADDEN, AND ELONIS.**

For example, at sentencing, they cross-referenced petitioner's offense from 18 U.S.C. 2119 to 18 U.S.C. 1111, 1114, and 2A1.1, the federal homicide guideline that he was never advised or pleaded guilty to. It is clear that this is an overreach by the government. See In McFadden, supra, citing Bond V. United States, where the Justices concluded that the federal government overreached when it used an international chemical weapons treaty as the spring board to prosecute a microbiologist who tried to exact revenge against her husband's pregnant mistress.

These courts held that for these federal laws to cover that type of activity, we're going to look very closely at whether the government have met their burden of proving mens rea.

Petitioner contends that he was not advised on these new case laws that now apply to his case, and it is now clear that his guilty plea is not knowingly and voluntarily made which caused his guilty plea to be invalid.

This motion is based upon new Supreme Court case law, some of which is already retroactive and some of which is new substantive/constitutional law that has not yet become retroactive, but should be retroactive under the principle of Montgomery, and should be applied to Mr. Franklin's case.

6

## CONCLUSION

Based upon the foregoing, petitioner prays that his request be granted.

Respectfully Submitted,

Darryl Franklin
Reg. No. 28/26-034
FCC- USP 1, PO Box 1033
Coleman, FL 33521