UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

DARRYL FRANKLIN

CRIMINAL ACTION

NO: 02-304

SECTION: "J"

## ORDER AND REASONS

Before the Court is a *Motion for Post-Conviction Relief under 28 U.S.C. § 2255* **(Rec. Doc. 432)** filed by Petitioner, Darryl Franklin. The government filed an opposition thereto (Rec. Doc. 445), and Petitioner filed a reply (Rec. Doc. 448). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

In March of 2003, Petitioner pleaded guilty to counts 2, 4, 6, 8, and 10 of the Superseding Indictment charging him with carjacking, attempted carjacking, and carjacking that resulted in the death of Christopher Briede. (Rec. Doc. 50). Pursuant to Rule 11(e)(1)(C),[1] Petitioner agreed to a life sentence for the carjacking that resulted in Christopher Briede's death. (Rec. Doc. 95). Petitioner also agreed to plead guilty to first degree murder and received a life sentence in Criminal District Court in Orleans Parish. (Rec. Doc. 95 at 2). This Court accepted the 11(e)(1)(C) plea

---

[1] Now Rule 11(c)(1)(C).

agreement between the government and the defendant, sentencing him to life imprisonment. (Rec. Doc. 118).

In 2016, Petitioner filed for relief under 28 U.S.C. § 2255. (Rec. Doc. 432). This Court rejected Petitioner's argument that he was entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) because Petitioner's sentence was enhanced by U.S.S.G. §§ 2B3.1 and 2A1.1, and not under the residual clause of 18 U.S.C. § 924(e). (Rec. Doc. 440). However, this Court ordered the government to respond to Petitioner's remaining claims. (Rec. Doc. 440).

## LEGAL STANDARD

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id*. A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id*. After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that the defendant's pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding pro se are entitled to the benefit of liberal construction.")

## DISCUSSION

### I. Petitioner's Claims are Untimely

Pursuant to 28 U.S.C. § 2255(f), all § 2255 petitions must be filed within one year of (1) the date on which the judgment of conviction becomes final; (2) the date on which the governmental impediment to making a motion in violation of the Constitution or laws of the United States is removed; (3) the date on which the newly-recognized right asserted was initially recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant case, Petitioner filed his § 2255 motion in June 2016—approximately thirteen years after his judgment of conviction became final. *See* Rec. Doc. 118; *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012) ("When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires."). Accordingly, Petitioner fails to meet the first prong of timeliness as required by 28 U.S.C. § 2255(f).

The second prong is likewise not satisfied, as there was no impediment created by government action that prevented Petitioner from filing a motion under 28 U.S.C. § 2255. The types of impediments contemplated include prisons restricting prisoners' access to law libraries, legal assistance, or legal materials. *See United States v. Saenz-Lopez*, 361 F. Appx. 593, 595 (5th Cir. 2010); *Salazar-Rodriguez v. United States*, No. 13-172, 2015 WL 12672325, at *4 (S.D. Tex. Aug. 5, 2015).

Regarding the third prong of 28 U.S.C. § 2255(f), Petitioner alleges that recent United States Supreme Court decisions conferred a new substantive constitutional right recognized by the Supreme Court that should apply to his case. (Rec. Doc. 433 at 1). However, Petitioner fails to cite a new substantive constitutional right that has been found in those cases that would apply to his case. Moreover, Petitioner recognizes that the Supreme Court has not made these rulings, even if they were to confer a new substantive right, retroactive. (Rec. Doc. 433 at 1).

Courts have found several of the cases cited by Petitioner to not apply retroactively. In *Shah v. United States*, No. 15-07542, 2016 WL 6762748, at *8 (S.D. W.Va. Oct. 19, 2016), aff'd, 2017 WL 3168425 (S.D. W.Va. July 26, 2017). There, the district court found that "[t]here is no indication that any court has determined that Elonis is retroactive for purposes of collateral review." Similarly, the district court in *Aburokbeh v. United States*, No. 17-3084, 2017 WL 3397435, at *2 (6th Cir. July 10, 2017) concluded that "[t]he [Supreme] Court has not held that McFadden is retroactive to cases on collateral review." Petitioner fails to cite a single authority applicable to his case that confers upon him a new substantive constitutional right, let alone one that would apply retroactively to his case. Thus, the third prong is not satisfied.

The fourth prong allows a petitioner to seek relief within one year of the time the facts presented in the application could have been discovered through due diligence. In the instant case, the facts supporting Petitioner's claim or claims could have been discovered through the exercise of due diligence within one year of the date

his conviction became final. Because Petitioner failed to seek relief within one year of that date, the fourth prong is not satisfied, and Petitioner's application is untimely.

As to § 2255(f)(3), the only case cited by Petitioner that the Supreme Court has recognized as being retroactive to cases on collateral review is *Johnson*. However, the Supreme Court has held that *Johnson* does not extend to the advisory Sentencing Guidelines. *See Beckles v. United States*, 137 S.Ct. 886, 897 (2017). Moreover, this Court has already found *Johnson* to be inapplicable in this case. (Rec. Doc. 440).

Based on the foregoing, the Court finds that Petitioner fails to satisfy any of the prongs enumerated by 28 U.S.C. § 2255(f), and his application for relief is, therefore, untimely.

## II. Petitioner Waived Right to Challenge Sentence in Plea Agreement

Petitioner asserts that he was sentenced under the incorrect statute and guideline. (*See* Rec. Doc. 433 at 5-6). However, even if Petitioner's claims had been made timely, they would be barred by the collateral review waiver contained in his plea agreement. The waiver in question provides in pertinent part:

> The defendant expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by title 18 United States Code, Section 3742 on the defendant, and the defendant further agrees no to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.

(Rec. Doc. 34 at 2). "[A] defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement, so long as the waiver is both knowing and voluntary." *United States v. Potter*, No. 13-141, 2015 WL 3486446, at *1 (E.D. La. June 1, 2015) (Feldman, J.). "A defendant knowingly and

voluntarily enters a waiver when the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances—even though the defendant may not know the specific detailed consequences of invoking it." *Id*. (citing *United States v. Ruiz*, 536 U.S. 622, 630 (2002)) (internal quotations omitted). "When the petition does not allege, and the record contains no indication that ratification of the plea agreement was not 'voluntary' or knowledgeable, the Court will hold the defendant to the bargain that he made—the Court need not presume that the waiver ineffective." *Id*.; *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

In the instant case, Petitioner entered a plea agreement whereby he agreed to a life sentence in exchange for the government not seeking the death penalty. He presents no plausible argument that he did not understand that he would be subject to a sentence of life imprisonment. Petitioner also does not assert or point to any evidence in the record that the waiver of his right to a post-conviction proceeding in this context was made involuntarily or unknowingly. Based on the foregoing, the Court finds that Petitioner's waiver in his plea agreement is enforceable.

## III.    Petitioner's Claims are Procedurally Barred

"Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994). A defendant "may not raise an issue for the first time on collateral review without showing both cause for his procedural

default, and actual prejudice resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (internal quotations omitted). "A defendant can establish 'cause' by showing that an objective impediment that is external to his defense prevented him from raising a claim on direct appeal." *United States v. Rodney*, No. 10-102, 2014 WL 6607069, at *3 (E.D. La. Nov. 18, 2014) (Lemmon, J.) (citing *United States v. Flores*, 981 F.2d 231, 235 (5th Cir. 1993)). "To show 'actual prejudice' the defendant must demonstrate not just the possibility of prejudice, 'but an actual and substantial disadvantage, infecting his entire proceedings with error of constitutional dimension.'" *Id.* (quoting *Shaid*, 937 F.2d at 233) (internal quotations omitted). The mere fact that a claim would have been futile on direct appeal is insufficient to overcome procedural default. *Scruggs*, 714 F.3d at 264.

In the instant case, Petitioner did not file a direct appeal and, therefore, did not argue on appeal any of the claims set forth in the application presently before the court. The Court finds that Petitioner's claims in his § 2255 motion are procedurally barred because he cannot establish cause for the procedural default and actual prejudice resulting from any error. *See Shaid*, 937 F.2d at 232. First, Petitioner does not allege that he was prevented from challenging his conviction and sentence as a result of an objective impediment external to his defense. Thus, he has not shown cause for his procedural default. Second, Petitioner has not shown prejudice resulting from any error. Even if Petitioner had demonstrated cause for his procedural default, he has not established a constitutional defect that led to an actual or substantial disadvantage during his sentencing. See id. at 233. Franklin's claims are procedurally

barred and should be denied. Accordingly, Petitioner's claims are procedurally barred.[2]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion for Post-Conviction Relief under 28 U.S.C. § 2255* **(Rec. Doc. 432)** is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the defendant has failed to demonstrate a substantial showing of the denial of a constitutional right.

New Orleans, Louisiana, this 7th day of May, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 2255(b) requires the court to hold an evidentiary hearing on a petitioner's claim, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In the instant case, it is clear to the Court after a review of the record that Petitioner is entitled to no relief, and, therefore, an evidentiary hearing is unwarranted.