# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 02-304 |
| DARRYL FRANKLIN | SECTION "J" |

## ORDER & REASONS

Before the Court is a *Motion for Relief from Judgment under Rule 60(b)* (**Rec. Doc. 455)** filed by Defendant, Darryl Franklin. The government filed an opposition thereto (Rec. Doc. 458), Defendant filed a reply (Rec. Doc. 461), and the government filed a sur-reply to Defendant's reply (Rec. Doc. 473). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **TRANSFERRED** to the Fifth Circuit Court of Appeals for the reasons listed herein.

## FACTS AND PROCEDURAL BACKGROUND

Defendant, Darryl Franklin, originally filed for relief under 28 U.S.C. § 2255 in 2016, thirteen years after the imposition of his sentence. (Rec. Doc. 432). This Court rejected Franklin's argument that he was entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), finding that Defendant's sentence was enhanced by U.S.S.G. §§ 2B3.1 and 2A1.1, not under the residual clause of 18 U.S.C. § 924(e), thereby finding the holding of *Johnson* inapplicable to Defendant's case. (Rec. Doc. 440). This Court ordered the government to respond to Defendant's remaining claims.

1

*Id.* The government filed its response in opposition to Defendant's motion. (Rec. Doc. 445). This Court then denied Defendant's claims under § 2255. (Rec. Doc. 453). Particularly, this Court found that Defendant's claims were untimely, Defendant had waived his right to challenge his sentence in his plea agreement, and Defendant's claims are procedurally barred. *Id.*

Subsequently, Defendant filed a Rule 60(b) motion to challenge this Court's prior decision denying Defendant's motion to vacate under § 2255. (Rec. Doc. 455). In Defendant's Rule 60(b) motion, he asserts that the court unreasonably or incorrectly applied the law, there was intervening law that applied retroactively, and the findings of fact were erroneous.

## **LEGAL STANDARD**

"[C]ourts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 motions." *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998). Thus, "[a] federal court examining a Rule 60(b) motion should determine whether it either: (1) presents a new habeas claim … or (2) 'attacks the federal court's previous resolution of a claim on the merits[.]" *In re Edwards*, 676 F. App'x 298, 303 (5th Cir. 2017). "If the Rule 60(b) motion does either, then it should be treated as a second-or-successive habeas petition and subjected to AEDPA's limitation on such petitions." *Id.*

Second or successive petition are prohibited under 28 U.S.C. §§ 2244 and 2255. To overcome the prohibition against the filing of second or successive claims, defendants must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing to that court of one of the following exceptions:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or
2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h).

## DISCUSSION

Defendant attacks this Court's previous ruling on the merits by arguing that this Court made a "wrong assumption," claiming that Defendant was sentenced under the advisory sentence guidelines, thereby wrongly sentencing him to life imprisonment. This Court specifically held that Defendant's sentence was enhanced by U.S.S.G. §§ 2B3.1 and 2A1.1 in its order and reasons regarding Defendant's original § 2255 petition. (Rec. Doc. 452). Thus, this is a substantive argument against this Court's prior decision, and this Rule 60(b) motion must be treated as a second-or-successive habeas petition. *See In re Edwards*, 676 F. App'x at 303.

To overcome the prohibition against the filing of second or successive claims under §§ 2244 and 2255, Defendant must obtain authorization to file a second or

successive petition from the United States Fifth Circuit Court of Appeals. A search of the docket records of the United States Fifth Circuit does not reflect that Defendant has obtained the required authorization. Until Defendant receives authorization from the United States Fifth Circuit Court of Appeals, this Court is without jurisdiction to proceed.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Darryl Franklin's *Motion for Relief from Judgment under Rule 60(b)* **(Rec. Doc. 455)** be recognized as a *Motion for Authorization* for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the *Motion for Authorization* **(Rec. Doc. 455)** be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether Defendant is authorized under 28 U.S.C. § 2244(b) and § 2255 to file the instant motion in this District Court.

New Orleans, Louisiana, this 9th day of September, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE