# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 02-304 |
| v. | * | SECTION: "J" |
| DARRYL FRANKLIN | * | |

\* \* \*

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION FOR RELIEF

The United States of America, appearing through the undersigned Assistant United States Attorney for the Eastern District of Louisiana, files this memorandum in response to defendant-movant Darryl Franklin's motion for relief from judgment (Rec. Doc. 455). Because Franklin fails to satisfy any of the requirements of Federal Rule of Civil Procedure 59(e), the motion should be denied.

## RELEVANT FACTS AND PROCEDURAL HISTORY

In March 2003, Franklin pleaded guilty to counts 2, 4, 6, 8, and 10 of the Superseding Indictment charging him with carjacking, attempted carjacking, and carjacking that resulted in the death of Christopher Briede. Rec. Doc. 50. Pursuant to Rule 11(e)(1)(C)[1], Franklin agreed to a life sentence for the carjacking that resulted in the death of Christopher Briede. Rec. Doc. 95.[2] This Court accepted the plea agreement between the government and Franklin and sentenced him to life imprisonment. Rec. Doc. 118.

---

[1] Now Rule 11(c)(1)(C).
[2] Franklin also agreed to plead guilty to first degree murder and receive a life sentence in Criminal District Court in Orleans Parish. Rec. Doc. 95, p. 2. He was sentenced in June, 2013 to a life sentence without benefit of probation, parole or suspension of sentence. Orleans Parish Sheriff's Office Docket Master, Case No. 431-091"B."

Franklin filed for relief under 28 U.S.C. § 2255 in 2016, some thirteen (13) years after the imposition of his sentence. Rec. Doc. 432. This Court rejected Franklin's argument that he was entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), finding that Franklin's sentence was enhanced by U.S.S.G. §§ 2B3.1 and 2A1.1, not under the residual clause of 18 U.S.C. § 924(e), thereby finding the holding of *Johnson* inapplicable to Franklin's case. Rec. Doc. 440. This Court ordered the government to respond to Franklin's remaining claims. *Id*. The government filed its response in opposition to Franklin's motion. Rec. Doc. 445. This Court then denied Franklin's claims under 28 U.S.C. § 2255. Rec. Doc. 453. Particularly, this Court found that Franklin's claims were untimely, Franklin had waived his right to challenge his sentence in his plea agreement, and that Franklin's claims are procedurally barred.

Franklin then filed a claim asking for relief under Rule 60(b). Rec. Doc. 455. The government responded to Franklin's motion arguing that the motion was not a proper motion under Rule 60(b), but rather another attempt to seek relief under 28 U.S.C. § 2255. Rec. Doc. 458. This Court then issued an order taking no position at the time regarding whether Franklin's motion was truly a second motion under 28 U.S.C. § 2255, but requiring the government to provide additional briefing on the narrow issue as to whether Franklin's motion shows "extraordinary circumstances justifying the reopening of a final judgment" under Rule 60(b). Rec. Doc. 462. The government provided additional briefing, arguing that Franklin's motion provided no extraordinary circumstances that justified the reopening of a final judgement. Rec. Doc. 473. This Court found that Franklin's motion seeking relief under Rule 60(b) be recognized as a motion for authorization for this Court to consider a second or successive claim under §§ 2244 and 2255. Rec. Doc. 477. This Court then ordered the case transferred to United States Fifth Circuit Court of Appeals for that Court to determine if Franklin is authorized to file the motion in the District Court. The Fifth

Circuit subsequently ordered that because Franklin filed his motion challenging the judgment within the 28-day period following the entry of judgment, the motion should be evaluated under Rule 59(e), and transferred the case back to this Court for proceedings consistent with its Order. Rec. Doc. 485. This Court then ordered the government to file an answer to Franklin's motion pursuant to the Order by the Fifth Circuit.

## ARGUMENT[3]

**Franklin does not satisfy any of the requirements of Rule 59(e). He fails to provide any error of law or fact, any newly discovered evidence, any manifest injustice, nor any intervening change in controlling law.**

Generally, a motion filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993) (*citing Lavespere v. Niagara Mach. & Tool Works Inc*., 910 F.2d 167, 173 (5th Cir. 1990), and *Harcon Barge Co. v. D&G Boat Rentals*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc)). A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995).

In Franklin's Notice of Appeal, Rec. Doc. 478, he continues to argue "there was a procedural defect in the integrity of his 2255 proceedings when the District Court ruled that Mr. Franklin was sentenced under the advisory sentencing guidelines." *Id.*

---

[3] The government has previously addressed all of Franklin's claims under 28 U.S.C. § 2255 and Rule 60(b) in its previous filings in Rec. Docs. 458 and 473. The government therefore incorporates by reference and adopts its previous arguments in those documents to this argument as to why relief should be denied to Franklin under Rule 59(e).

3

This Court has previously ruled that Franklin's offense level was enhanced properly under U.S.S.G. §§ 2B3.1 and 2A1.1, and not under the residual clause of 18 U.S.C. § 924(e). Rec. Doc. 440. This Court further found, for this reason, *Johnson* was inapplicable to this case. *Id*. Furthermore, Franklin cannot raise an issue of improper calculation or calculation of the Guidelines in a § 2255 proceeding. Because such an issue cannot be raised, there is no manifest error of law or fact that entitles Franklin to relief under Rule 59(e).

Franklin next argues that there is "new intervening law that satisfies the requirement of a Rule 60(b) motion." Rec. Doc. 478. However, Franklin fails to cite any new or intervening law in his Notice of Appeal that would satisfy Rule 59(e).

Furthermore, Franklin cites no new or previously unavailable evidence or any possible manifest injustice in his filings that would invoke relief under Rule 59(e).

## **CONCLUSION**

Because Franklin fails to satisfy the requirements for relief under Rule 59(ef) or any other federal law or rule, the motion should be DENIED.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*s/Gregory M. Kennedy*
GREGORY M. KENNEDY
Assistant United States Attorney
Louisiana Bar Roll Number 20896
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3102
Email: greg.kennedy@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and mailed a copy of the foregoing along with the Notice of Electronic Filing (NEF), properly addressed and postage prepaid to Darryl Franklin, FCC-USP1, Post Office Box 1033, Coleman, Florida 33521-1033.

*s/ Gregory M. Kennedy*
GREGORY M. KENNEDY
Assistant United States Attorney
